UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **POLY TRUCKING, INC.** | * | **DOCKET NO. 06-0278** |
| **VERSUS** | * | **JUDGE JAMES** |
| **DHL EXPRESS (USA), INC. AND JAMES K. WRIGHT** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a notice of intent to dismiss for lack of subject matter jurisdiction. (*See*, August 7, 2007, Show Cause Order). For reasons stated below, it is recommended that this matter be DISMISSED, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

The above-captioned case was filed in federal court on the basis of diversity jurisdiction. 28 U.S.C. § 1332. On July 10, 2007, plaintiff amended its complaint to join a non-diverse party, Direct Consulting Solutions. [doc. # 37]. Accordingly, on August 7, 2007, the court directed the parties to show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction. (August 7, 2007, Show Cause Order).[1] The objection period has since elapsed, and no opposition has been filed.[2]

It is axiomatic that diversity jurisdiction depends upon complete diversity between

---

[1] Federal courts are obliged to examine the basis for the exercise of federal subject matter jurisdiction. *Smith v. Texas Children's Hospital*, 172 F.3d 923, 925 (5th Cir. 1999). A lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999). Furthermore, a court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction. *Id.*

[2] Plaintiff filed a response stating that it did not oppose dismissal of the complaint, without prejudice.

plaintiffs and defendants.  *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806).  A plaintiff's joinder of a non-diverse party destroys diversity jurisdiction, notwithstanding complete diversity of the parties at the time suit was filed.  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396 (1978); *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, 362 F.3d 136 (1st Cir. 2004) (citing *inter alia* 13B Charles A. Wright *et al.*, Federal Practice and Procedure § 3608, at 454 (2d ed. 1984 & Supp.2003).[3]  Accordingly, Poly Trucking, Inc.'s joinder of Direct Consulting Solutions, a non-diverse party, extinguished federal diversity jurisdiction – the sole alleged basis for the exercise of federal subject matter jurisdiction in this case.  When subject matter jurisdiction is lacking, dismissal is required.  Fed.R.Civ.P. 12(h)(3).

For the reasons expressed above,

**IT IS RECOMMENDED** that the complaint be **DISMISSED**, **without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of

---

[3] In *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, the Supreme Court broadly stated that "[d]iversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action."  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S.Ct. 858, 860 (1991).  However, courts have limited *Freeport-McMorRan* to Rule 25 substitutions.  *Cobb v. Delta Exports, Inc.*, 186 F.3d 675 (5th Cir. 1999); *American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP*, *supra* (and cases cited therein).  In addition, *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, did not overrule *Owen Equipment & Erection Co. v. Kroger*.  *American Fiber & Finishing, Inc.*, 362 F.3d at 141.
   The court further observes that supplemental jurisdiction does not attach to claims by plaintiffs against parties added via Rules 14, 19, 20, or 24 of the Federal Rules of Civil Procedure.  28 U.S.C. § 1367.

filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of August, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE